JACK REED v. STATE.

No. A-1748.   Opinion Filed July 26, 1913.

Appeal from County Court, Ottawa County;
W. Y. Quigley, Judge.

Jack Reed was convicted of violating the prohibitory law, and appeals. Reversed.

Thompson & Mason, for plaintiff in error.

C. J. Davenport, for the State.

PER CURIAM. The plaintiff in error, Jack Reed, was convicted in the county court of Ottawa county at the April, 1912, term, on a charge of selling intoxicating liquor, and his punishment fixed at a fine of three hundred dollars and imprisonment for a period of sixty days in the county jail. The only testimony introduced on behalf of the state was given by witness Ray Phones, who testified that he bought a half pint of whisky from the accused some Saturday in March, 1912. He admitted that he was intoxicated at the time. This testimony is flatly contradicted by four other witnesses present, who say that the accused refused to sell liquor to the prosecuting witness. Their credibility is not attacked. In the case of DeFreece v. State 9 Okla. Cr. 689, 133 Pac. 254, this court said: ''There was no effort made to impeach any of the witnesses for the defendant, all of whom seem to be creditable men, and on the part of the only witness for the state, we have the fact that he himself testifies to having drank whisky on his way to town that day, and we must take this into consideration in determining how far we shall credit his statement that the defendant had permitted him to take a pint of whisky from his drug store as against the strong defense which was presented by the defendant, not only supporting his denial of having delivered the pint of whisky to the prosecuting witness, but showing that said witness was intoxicated and in possession of a bottle of whisky before he went to the defendant's drug store. While the cases are very rare in which this court interferes to disturb the judgment of the trial court, and it is only in a case where the verdict is clearly contrary to the evidence, or when from the doubtful character of the evidence against the defendant and the preponderance in his favor is such that it is evident that the jury were influenced by passion or prejudice, that a judgment will be reversed because the evidence is insufficient to sustain it. In this case, we think that the evidence, unless we are to discredit entirely the testimony of unimpeached witnesses, falls within the rule laid down by these cases, and that a new trial should be granted.'' The judgment is reversed and the cause remanded with directions to dismiss the prosecution.